NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 16, 2019[*]
Decided October 23, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1761

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 3:11-cr-79-bbc-1 |
| | |
| LARRY D. SULLIVAN, | **Barbara B. Crabb**, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

In 2012, defendant-appellant Larry D. Sullivan pleaded guilty to distributing an unspecified quantity of crack cocaine on April 19, 2011. The district court sentenced him to 168 months in prison. Sullivan did not appeal. In the following years, he filed several documents with the district court seeking a reduction in his sentence, but none were successful.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

On March 12, 2019, Sullivan filed a motion in the district court seeking a reduced sentence under the terms of the First Step Act, which was signed into law on December 21, 2018. See Pub. L. 115, 391, 132 Stat. 5194 (2018). Sullivan contends in essence that, if he were sentenced today for the same offense, he would be eligible for a less severe sentence because of changes in the sentencing ranges under 21 U.S.C. § 841 and because one or more of his prior convictions that he says were used to enhance his sentencing range under § 841 would no longer qualify to trigger such enhancements. He has also argued that the criminal history calculation in his original presentence report had been incorrect.

The district court denied Sullivan's request for relief, noting that he was not sentenced under any mandatory minimum sentence affected by the First Step Act and that he was properly classified as a career offender under the Sentencing Guidelines.

Sullivan has appealed. We affirm the denial of relief. The relevant provisions of the First Step Act "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence has not been imposed as of such date of enactment." Pub. L. 115-391, § 401(c). We have held that this language does not apply to a defendant who was sentenced in a district court before December 21, 2018. *United States v. Pierson*, 913, 927–28 (7th Cir. 2019). Accordingly, Sullivan is not entitled to or eligible for relief under § 401 of the First Step Act. Also, it is far too late now to bring a new challenge to his original Sentencing Guideline calculation.

The district court's denial of relief is AFFIRMED.